OPINION
Appellant, Anthony Conte, appeals from the judgment of the Lake County Court of Common Pleas. Conte pled guilty to one count of breaking and entering, a fifth degree felony, and one count of complicity to burglary, a third degree felony. He appeals from the sentences imposed. In a companion case, State v. Conte (Dec. 14, 2001), Lake App. No. 2000-L-105, unreported, Conte pled guilty to four counts of breaking and entering; one count of safecracking, a fourth degree felony; and one count of grand theft, a fourth degree felony. The companion case is relevant to Conte's third issue presented for review in this case. Both cases were addressed at Conte's sentencing hearing. Separate judgment entries were filed on May 30, 2000. Prior to his sentencing for these offenses, Conte had never been to prison.
In this case, Conte was given the maximum sentence of one-year imprisonment for the breaking and entering conviction, and a four-year term of imprisonment for the complicity to burglary conviction. The four-year term of imprisonment was not the maximum sentence for a third degree felony. The sentences in this case were set to run concurrently, for a total term of four years imprisonment. However, they were set to run consecutively with the sentence imposed in the companion case. In the companion case, the sentences for the five offenses were set to run concurrently. The longest sentence in that case was a term of eighteen months for the grand theft conviction, which was the maximum sentence for that crime. Thus, Conte was sentenced to four years plus eighteen months, for a total term of five and one-half years.
From the judgment of sentencing, Conte timely filed his appeal. In his assignment of error, Conte contends the trial court abused its discretion when imposing sentence on him. He argues the trial court violated the purposes and principles of the statutory felony sentencing guidelines. Conte has divided this assignment of error into the following three issues presented for review:
 "[1]. The trial court erred and abused its discretion by imposing the maximum sentence upon appellant without making the statutorily mandated findings.
 "[2]. The trial court erred and abused its discretion by imposing the maximum sentence upon appellant as the sentence is not supported by the evidence.
 "[3]. The trial court erred to the prejudice of the appellant by sentencing him to consecutive sentences without stating the statutorily mandated findings to support this sentence and the sentence is contrary to law."
 These issues and arguments are duplicated in the companion case. In this case, with respect to the first and second issues presented for review, Conte's arguments are directed solely at the imposition of the maximum one-year sentence for the breaking and entering conviction. This sentence was imposed to run concurrently with the four-year term for the complicity to burglary conviction. The four-year term is not being challenged on appeal. As a result, a ruling in Conte's favor in this case in regard to the first and second issues would be of no consequence, because it would not affect the length of his sentence in this case. Therefore, any review on the basis of these two issues in this case would constitute a purely academic exercise, in which we decline to engage. However, in the companion case, these two issues are not moot and the merits of these issues are fully addressed therein.
In his third issue presented for review, Conte argues the trial court erred by ordering the sentence in this case to be served consecutively to that imposed in the companion case. He argues the trial court failed to make the necessary statutorily mandated findings before imposing consecutive sentences, and that the sentence is contrary to law.
Appeals from felony sentences are governed by R.C. 2953.08. In relevant part, the statute provides that a reviewing court may increase, reduce, or otherwise modify a felony sentence, or may remand the matter to the trial court for re-sentencing if it finds by clear and convincing evidence one of the following: "(a) [t]hat the record does not support the sentence; (b) * * *; (c) * * *; or (d) [t]hat the sentence is otherwise contrary to law." R.C. 2953.08(G)(1). The Supreme Court of Ohio has set forth the following explanation of the clear and convincing evidence standard:
 "`[C]lear and convincing evidence is that measure or degree of proof which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as is required beyond a reasonable doubt as in criminal cases.'" State v. Eppinger (2001), 91 Ohio St.3d 158, 164, quoting Cross v. Ledford (1954), 161 Ohio St. 469, 477.
 Pursuant to R.C. 2953.08(F), our review of the record shall include any presentence, psychiatric, or other investigative report submitted to the court in writing prior to the imposition of sentence, and any oral or written statements made to or by the court at the sentencing hearing. Accordingly, we have reviewed the documents in the record, including the presentence report, the psychiatric evaluation, and the transcript of the sentencing hearing.
A court's discretion to impose consecutive sentences is governed by R.C. 2929.14(E)(4), which states:
 "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.
 In order to comply with these sentencing provisions, this court has held that "the record must contain some indication, by use of specific operative facts, that the court considered the statutory factors in its determination." State v. Kase (Sept. 25, 1998), Ashtabula App. No. 97-A-0083, unreported, 1998 Ohio App. LEXIS 4498, *4; see, also, R.C. 2929.19(B)(2). A sentence which merely repeats the statutory language "without any indicia of a consideration of the factors set forth would be insufficient." Id. While appellate review begins by looking to the judgment entry, it includes the review of any findings the trial court made on the record at a sentencing hearing.
In its judgment entry, the trial court found that Conte's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime, and that consecutive sentences were not disproportionate to the seriousness of Conte's conduct nor to the danger he posed to the public. The trial court then made a finding in accordance with R.C. 2929.14(E)(4)(c), restating that consecutive sentences were necessary to protect the public from future crime by Conte. The judgment entry makes all the necessary findings, repeating the statutory language practically verbatim.
While the judgment entry itself is devoid of any specific operative facts supporting these conclusions, at the sentencing hearing, the trial court made the following findings on the record: 1) the victim suffered serious financial harm; 2) the offenses committed involved organized criminal activity in which Conte participated; 3) Conte's previous history of committing crimes, "too numerous to mention," indicates he is more likely to commit future crimes; 4) previous rehabilitation failures; 5) Conte's pattern of drug abuse.
Additionally, at the sentencing hearing and in its judgment entry, the trial court indicated it reviewed the presentence investigation report, which contains a detailed history of Conte's record. Along with documenting the large number of crimes committed by Conte, the report indicates Conte had no significant or verifiable employment history, that he did not complete high school, that he daily consumed a large amount of marijuana, and that he regularly used LSD.
Having reviewed the record pursuant to R.C. 2953.08, we do not find clear and convincing evidence that the record does not support the sentence, that the court did not make the requisite statutory findings, or that the sentence is otherwise contrary to law. The trial court's conclusion that Conte poses the greatest likelihood of recidivism and that, as a consequence, consecutive sentences are necessary to protect the public, is supported by the record. Conte's assignment of error is without merit. The judgment of the trial court is affirmed.
PRESIDING JUDGE WILLIAM M. O'NEILL, CHRISTLEY, J., NADER, J., concur.